KIRLICKS et al. v. INTERSTATE BUILDING & LOAN ASS'N.

THOMAS v. SAME.

(Circuit Court of Appeals, Fifth Circuit. January 21, 1902.)

No. 1,061.

1. ESTOPPEL — COVENANT TO PAY TAXES — SUBSEQUENT ACQUISITION OF TAX TITLE.

One who has obligated himself to a mortgagee of property to pay the taxes thereon, but fails to do so, by reason of which the property is sold for taxes, and he becomes the purchaser, takes the same subject to the mortgage, or as trustee for the mortgagee.

2. USURY—LAW GOVERNING—PLACE OF CONTRACT.

A contract of loan made by a building and loan association is not usurious, if valid under the laws of the state where it is made payable, by which, in the absence of a fraudulent intent, it is governed.[1]

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

M. E. Kleberg and Jas. B. Stubbs, for appellants.
Edgar Watkins and W. A. Wimbish, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. Under the conceded facts of this case, the appellant Thomas contracted with the Interstate Building & Loan Association and appellant Kirlicks to pay in installments the taxes on the mortgaged property due to the city of Houston, and having failed therein, whereby the city obtained judgment and caused the sale of the property, he must, in equity, be held to have purchased from the city of Houston subject to the mortgage of, or as trustee for, the Interstate Building & Loan Association. See Mendenhall v. Hall, 134 U. S. 559, 10 Sup. Ct. 616, 33 L. Ed. 1012.

The contract of loan was not usurious. See Association v. Logan, 14 C. C. A. 133, 66 Fed. 827; Association v. Abbott, 85 Tex. 220, 224, 20 S. W. 118; Association v. Goforth (Tex. Sup.) 59 S. W. 871.

The decree of the circuit court is affirmed on both appeals.

[1] Statutory exemption of building and loan associations from operation of usury laws, see note to Andrus v. Association, 36 C. C. A. 343.